## No. 418
## SANDUSKY FOUNDRY & MACHINE CO v. WOOD
Ohio Appeals, 9th Dist., Cuyahoga County
No. 172. Decided April 26, 1923

This opinion has not been published except in Abstract.

PATENTS—(1) Right to an assignment from employe—(2) Special circumstances showing right—(3) Right of employer to enjoin divulgence of trade secrets.

CHITTENDEN, J.:

Epitomized Opinion

This was an appeal from the decision of Judge Williams of the Common Pleas Court of Sandusky, Ohio. The plaintiff was a corporation engaged in the foundry business and had had in its employ a man named Wood, who was a metallurgist. When Wood stopped working for plaintiff he started to publish certain secret processes. The plaintiff thereupon brought a suit in equity to compel Wood to assign certain patents, and to enjoin him from publishing certain secret processes that came to his knowledge as metallurgist. The evidence disclosed that defendant had come into possession of extensive knowledge regarding certain processes, and also that certain patents had been taken out by the company in his name. As the Common Pleas Court granted the relief prayed for, an appeal was then prosecuted. In affirming the decree of the lower court. the Court of Appeals held:

1. Mere relationship of employe and employer does not give rise to the right on the part of the employer to have patents developed by the employe assigned to the employer.

2. Where certain circumstances show that the employer paid for the procurement of a patent and that he has an equitable interest therein. the employer is entitled to an assignment of the patent from the employe.

3. As trade secrets or processes are property rights, an employer is entitled to an injunction to prevent their divulgence.

Attorneys—Squire, Sanders & Dempsey, for Foundry Co.; Huson Peeke, for Wood.

## No. 419
## MARES v. BRANDT
Ohio Appeals, 9th Dist., Cuyahoga County
No. 4327. April 26, 1923.

This opinion has not been published except in Abstract.

ASSAULT AND BATTERY—(1) Verdict against manifest weight of evidence reversed—(2) Definition of malice as "wrongful act" is error—(3) Malice must be shown to allow recovery of attorney's fees in damages.

MIDDLETON, P. J.:

Middleton, P. J., Mauck and Sayre, JJ., 4th District, sitting.

Epitomized Opinion

Error to Cuyahoga Common Pleas; reversed

In an action for assault and battery, Mrs. Brandt recovered. $7,000 in damages and the case comes to this court on error. Brandt did not bring the action for assault and battery until almost a year after the difficulty with Mares, and during that time brought an action for slander. alleged to have been committed at the same time. There was evidence to support the theory advanced by each of the parties to the dispute, but the evidence as to the damage resulting to Brandt consisted chiefly of a physician's report of her physical condition more than 17 months after the alleged assault. Held by Court of Appeals in reversing judgment for Brandt:

1. The verdict is against the manifest weight of the evidence.

2. The definition given by the lower court of malice as "a wrongful act committed upon another without just cause or excuse" was misleading. Malice is the state of mind or mental condition which prompts the intentional doing of a wrongful act without cause.

3. The instruction by the lower court that the jury might include a reasonable attorney's fee in case they decided to award punitive damages, was in direct conflict with 81 O. S. 204. Such fees may be allowed when the act complained of was a malicious one.

Attorneys—Zmunt, Mayer & Stephens, and Paul Howland, for Mares; Mooney, McCormack & Roth, for Brandt.

## No. 420
## MARION CHAFFEE v. W. H. FURLONG
Ohio Appeals, 9th Dist., Cuyahoga County
No. 160. Decided April 30, 1923

This opinion has not been published except in Abstract.

NEGLIGENCE—CHARGE TO JURY—(1) Duty of court to charge on question of contributory negligence when it is not made an issue by pleadings.

CHITTENDEN, J.:

Epitomized Opinion

This was an action brought by Chaffee to recover damages sustained to his automobile. Three automobiles were traveling along the same highway at the same time and in the same direction. The first was owned by defendant, the second by another person, and the third by plaintiff. The plaintiff and the driver of the car directly in front of him attempted to pass the defendant's automobile. The driver of the second car sounded his horn and the first machine turned out to let him pass, and he did pass safely. Then the plaintiff sounded his horn and attempted to pass the defendant. Plaintiff claimed that instead of turning his car to the side of the road, the defendant turned his car to the left directly in front of him, and in order to avoid a collision, plaintiff turned his car off the road, hitting a bridge. The plaintiff's car was badly damaged. The trial resulted in a verdict for the defendant. Plaintiff prosecuted error, claiming that the court erred in charging on the question of contributory negligence when that question was not raised by the pleadings. In affirming the correctness of the charge, the Court of Appeals held:

1. When the subject of contributory negligence is introduced in a case by the evidence properly offered by the parties in support of their respective claims as made in the pleadings, the issue of contributory negligence thus raised is to be determined by the same rules as to burden of proof, it becomes the duty of the court to charge on the question of contributory negligence, and its failure to do so would be prejudicial error.

Attorneys—Irving Carpenter, for Chaffee; F. G. Jones, for Furlong.